THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHISOM AHAGHOTU
4708 6th Pl NE
Washington, DC 20017

       Plaintiff,

v.

EGYPTAIR AIRLINES COMPANY
90 Broad Street
Suite 501
New York, NY 10004

Civil Action Number: 1:25-cv-00579

      **Serve:**
      CT Corporation System
      4701 Cox Road
      Suite 285
      Glean Allen, VA 23060

      Defendant.

## COMPLAINT

Plaintiff, Chisom Ahaghotu (hereinafter, "Plaintiff"), by his attorneys, Simeone & Miller, LLP, as and for his Complaint against Defendant Egyptair Airlines Company (hereinafter, "Defendant"), alleges the following upon information and belief:

## SUBJECT MATTER JURISDICTION

1. This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, May 28, 1999) (hereinafter the "Montreal Convention"), which both the United States of America and Egypt have either signed, acceded, and/or adopted. Specifically, under Article 33(1) and (2) of the Montreal Convention, Defendant has a place of business and does business in this District; the place of ultimate destination in the contract of carriage of Plaintiff Chisom Ahaghotu

for this roundtrip ticket was Dulles International Airport ("IAD"), located in this District; to which Defendant operates services for the carriage of passengers by air.

2.  Plaintiff resides at the above captioned address.

3.  As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

4.  This Court maintains personal jurisdiction over the Defendant in this matter pursuant to F.R.C.P. Rule 4(k)(2), insofar as the Defendant has certain minimum contacts within the Eastern District of Virginia such that the maintenance of the suit in this District does not offend traditional notions of fair play and substantial justice.

5.  Personal jurisdiction is also appropriate in this matter as Plaintiff purchased round trip tickets and the flight in question terminated at Dulles International Airport in Virginia.

## VENUE

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as Plaintiff's flight itinerary originated and terminated at Dulles International Airport in the Eastern District of Virginia.

## PARTIES

7.  Plaintiff was and is a citizen of Washington, D.C. and permanently resides in Washington, D.C.

8.  At all times herein relevant, Defendant, was and is a foreign corporation authorized to do business in the State of Virginia.

9.  At all times herein relevant, Defendant, was and is a common carrier engaged in the business of transporting passengers for hire by air.

## GENERAL ALLEGATIONS

10. At all times herein relevant, Defendant, employed a flight crew responsible for the safe and secure operation of its flights as well as the safety and wellbeing of its passengers.

11. At all times herein relevant, Defendant, was responsible for the training, management, supervision, and/or control of its flight crew, including but not limited to the crew's adherence to standard safety policies and protocol.

12. On or about December 29, 2023, Plaintiff was traveling on an international itinerary from Murtala Muhammed International Airport (LOS) in Lagos, Nigeria, to Cairo International (CAI) in Cairo, Egypt, to Dulles International Airport (IAD) in Dulles, Virginia.

13. On or about December 29, 2023, Defendant, operated and controlled a certain aircraft, designated as MS981 (the "subject aircraft") from Cairo International (CAI) in Cairo, Egypt, to Dulles International Airport (IAD) in Dulles, Virginia (the "subject flight").

14. On or about December 29, 2023, Plaintiff, was a fare-paying passenger lawfully aboard the subject flight.

15. On or about December 29, 2023, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by the Defendant.

16. On or about December 29, 2023, Defendant, was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft, including its seatback tray tables.

17. Defendant's duty included ensuring that tray tables were maintained in good working order, capable of safely holding items placed upon them.

18. On or about December 29, 2023, Plaintiff's tray table was defective, failing to maintain a level position.

19. Upon information and belief, Defendant was on notice of defective tray tables, having received prior complaints and claims involving similar issues.

20. Despite this knowledge, Defendant failed to repair or replace tray tables, including the one assigned to Plaintiff.

21. On or about December 29, 2023, Defendant was responsible for the training, management, supervision, and/or control of the flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

## CAUSE OF ACTION
### (Violation of Article 17 of Montreal Convention)
### By Plaintiff Against Defendant

22. Plaintiff refers to each and every paragraph above and incorporates those paragraphs as though set forth in full in this cause of action.

23. On or about December 29, 2023, while seated aboard the subject aircraft, Plaintiff, was injured as the result of an accident.

24. Specifically, during the course of the subject flight, Plaintiff, was seated in his assigned seat when he was served a scalding hot beverage in a lidless cup, which within seconds of being placed upon the aforementioned defective tray table, spilled on Plaintiff and caused him serious burns and injuries.

25. Plaintiff's aforesaid injuries resulted from an incident pursuant to Article 17 of the Montreal Convention, insofar as his injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operation of the aircraft.

26. As a direct and proximate result of the aforesaid incident, Plaintiff suffered bodily injuries which have caused, and will continue to cause, physical and mental pain and suffering, scarring, and inconvenience. Plaintiff has incurred, and will continue to incur, medical, therapeutic, and other expenses related to his injuries. Plaintiff was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

27. As a result of the foregoing, Defendant, is liable to pay full, fair and reasonable damages to Plaintiff, pursuant to the Montreal Convention.

28.  Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff.

29. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff, were caused solely by the acts of third parties.

*        *        *

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial but believed to be no more than Three Million Dollars ($3,000,000.00) in compensatory damages, plus costs of suit, pre- and post-judgment interest and such other and further relief as this Court deems just and proper.

Dated: April 4, 2025                                    RESPECTFULLY SUBMITTED,

                                        **/s/ Michael C. Robinett**
                                        Michael C. Robinett, #91707
                                        1825 K Street NW, Suite 650
                                        Washington, DC 20036
                                        Phone: (202) 628-3050
                                        Fax: (202) 466-1833
                                        mrobinett@simeonemiller.com
                                        *Counsel for Plaintiff*

**Jury Demand**

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: April 4, 2025                                    RESPECTFULLY SUBMITTED,

                                        **/s/ Michael C. Robinett**

Michael C. Robinett, #91707
1825 K Street NW, Suite 650
Washington, DC 20036
Phone: (202) 628-3050
Fax: (202) 466-1833
mrobinett@simeonemiller.com
*Counsel for Plaintiff*